# MEMORANDUM DECISIONS

BRADY v. SOUTH SHORE TRACTION CO. et al. (Circuit Court of Appeals, Second Circuit. January 9, 1917.) No. 142. Appeal from the District Court of the United States for the Eastern District of New York. Lamar Hardy, Corp. Counsel, Samuel J. Rosensohn, and Vincent Victory, all of New York City, for appellants. Arthur Carter Hume, of New York City, for appellee. Before COXE, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Decree (233 Fed. 778) affirmed, with costs.

SUNNY BROOK ZINC & LEAD CO. v. METZLER. (Circuit Court of Appeals, Second Circuit. January 9, 1917.) No. 67. Appeal from the District Court of the United States for the Southern District of New York. Hollander & Bernheimer, of New York City (Edgar J. Bernheimer, of New York City, of counsel), for appellant. H. A. Rosenberg, of New York City (Louis B. Eppstein, of New York City, of counsel), for appellee. Before COXE, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Affirmed on the opinion of Judge Learned Hand, in 231 Fed. 304.

THE TITANIC. Appeal of ASPLUND. (Circuit Court of Appeals, Second Circuit. January 9, 1917.) No. 112. Appeal from the District Court of the United States for the Southern District of New York. Ralph J. M. Bullowa, of New York City (Lawrence E. Brown, of New York City, of counsel), for appellants. Harrington, Bigham & Englar, of New York City, for Swedish government. Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Carlo Asplund and two of his children, passengers on the steamship Titanic, were drowned when that steamer sank in 1912. The Swedish consul, assuming that Asplund was a citizen of Sweden, employed the firm of Harrington, Bigham & Englar to represent the claim of the widow and surviving children and also employed attorneys in England to bring suit on their behalf there. In point of fact Asplund was a naturalized American citizen and therefore the consul was wholly without authority in the premises. The widow took out letters of administration on the estates of her husband and deceased children and employed Ralph J. M. Bullowa, Esq., to represent her and her two surviving children. There is no evidence of bad faith upon the part of any one. We gather from the very imperfect record that the petitioner came to a settlement by the payment of a lump sum to a committee representing all claimants and of an additional fund for the compensation of attorneys. We infer that out of this latter sum $508.60 was awarded in connection with the Asplund claimants, but there is nothing to show the terms of the award. The District Court rightly vacated its earlier order authorizing Harrington, Bigham & Englar to represent the Asplund claimants and then went on to divide the special award of $508.60 between them and Ralph J. M. Bullowa. It is from the latter portion of the order that the Asplund claimants take this appeal. We think it perfectly clear that any award to Harrington, Bigham & Englar, as attorneys for the Asplund claimants was erroneous. The record is so meager that we cannot say what disposition, if any, the lower court should make of the sum in question, and therefore reverse this feature of the order, and remand the case for further proceedings.